

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00295-CR

**JAMES ROBERT VASQUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 32165-CR

## MEMORANDUM OPINION

A jury found James Robert Vasquez guilty of robbery and, after finding both enhancement paragraphs true, assessed his punishment at fifty years' imprisonment. After the reporter's record was filed, Vasquez filed a "motion for new trial/alternatively/motion to require the court reporter to supplement reporter's record," which complains of many errors and omissions in the reporter's record. We abated this case several times for proceedings in the trial court relating to the problems with the reporter's record, and on each occasion the trial court has entered findings of

fact and conclusions of law pertaining to the reporter's record.

Among the trial court's findings are: (1) the original court reporter is not capable of performing any duties as a court reporter in this appeal; (2) the parties have stipulated that there are missing portions of the record that are necessary to the disposition of the appeal; (3) it is not technically or financially feasible to attempt to access the original court reporter's computer disk; (4) the State withdraws its opposition to Vasquez's motion for new trial and admits that, because of the state of the reporter's record, Vasquez is entitled to a new trial; and (5) upon the granting of a new trial, the parties have reached an agreement to dispose of this case with a plea bargain that is acceptable to the trial court.

Rule 34.6(f) states that an appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

Based on the trial court's findings and the parties' stipulations that a significant

portion of the reporter's record is irretrievably lost and necessary to the appeal, we grant Vasquez's motion for new trial. *See id.* We reverse the trial court's judgment of conviction and remand the case for a new trial so that the parties may effectuate their agreement to dispose of the case by plea bargain.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed September 21, 2011
Do not publish
[CRPM]